Irving H. Saypol, J.
The petitioner makes application for an order, ex parte, granting leave to him to resign as custodián for his minor children and appointing his wife as successor custodian. Starting in 1956, pursuant to article 8-A of the Personal Property Law, he made gifts of securities to his children which he caused to be registered in his name as custodian. The reason for the change of trustees is a U. S. Treasury ruling (Internal Revenue Bulletin, No. 1957-32, Rev. Rul. 57-366) making the corpus .taxable to the donor’s estate upon his death before the minor’s majority.
Article 8-A (§§ 265 to 270) of the Personal Property Law was added by chapter 35 of the Laws of 1956, effective March 2, 1956. The object was to facilitate gifts of securities to minors by transferring them to a custodian for the minor. While subdivision 1 of section 266 provides that such a custodian holds a power in trust, the whole statutory innovation suggests *278 a departure from the recognized strict standards for trustees and trust administration. Ironically or otherwise, the supporting opinion of the State Banking Department in its legislative memorandum states: “ The custodian is to have almost all of the rights of an owner, except that he must act as a prudent man.” (McKinney’s 1956 Sess. Laws of N. Y., Legis. Memoranda, p. 1808.) The proposal previously came before the Legislature in 1955. That bill was disapproved by the committee on State Legislation of the Association of the Bar of the City of New York (Memo. No. 104, p. 351, 1955), primarily because of the creation of a new fiduciary relationship and the elimination of established fiduciary responsibilities. The following year when the law was enacted the committee reversed itself, saying that its prior action of disapproval was taken despite its approval of the general purpose, but that it now approved mainly because of the newly added provision which establishes the relationship as a power in trust. In addition to the rights, powers and duties provided for in the bill: “he shall have all the rights, powers and duties of a guardian of the property of an infant.” (Memo. No. 51, 1956, pp. 153, 157.)
The denomination of the office of custodian as a personal trust with the duties of a guardian of the property of an infant (Personal Property Law, § 266, subd. 1) requires legal representation of the infant (Civ. Prac. Act, § 207) in an accounting proceeding (Personal Property Law, § 268, subd. 2) following the procedure dictated by article 79 of the Civil Practice Act.
Let an order to show cause with provision for designation of a person to represent the infants be submitted.